IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATA HEALTH PARTNERS, INC., | )<br>) |
| Plaintiff, | )<br>) Case No. _____ |
| v. | )<br>) |
| TELADOC HEALTH, INC., | ) **JURY TRIAL DEMANDED**<br>) |
| Defendant. | )<br>) |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Data Health Partners, Inc. (hereinafter "Data Health" or "Plaintiff") makes the following allegations against Teladoc Health, Inc. (hereinafter "Teladoc"):

## PARTIES

1. Plaintiff Data Health is a Delaware corporation with its principal place of business at 8549 Wilshire Boulevard, Suite 2403, Beverly Hills, CA 90211-3104.

2. Upon information and belief, Teladoc is a Delaware corporation with its principal place of business at 2 Manhattanville Road. Purchase, NY 10577. Teladoc may be served in Delaware through its registered agent for service of process, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

1

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Personal jurisdiction is proper in this District because, among other reasons, Teladoc has a continuous presence in this District, Teladoc committed acts of infringement in this District, and a substantial part of the events or omissions giving rise to this claim occurred in this District. Teladoc placed, and continues to place, Accused Products (as defined below) into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are used and sold in this District. This causes injury to Data Health in this District. On information and belief, Teladoc derives substantial revenue from the sale of Accused Products distributed within the District and derives substantial revenue from interstate and international commerce.

6. Teladoc has placed, and is continuing to place, the Accused Products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of Delaware and in this District.

7. Upon information and belief, Teladoc has derived substantial revenues from its infringing acts occurring within the State of Delaware and within this District. In addition, Teladoc has knowingly induced, and continues to knowingly induce, infringement within this District by advertising, marketing, offering for sale, and/or selling devices or services containing infringing functionality within this District to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or

marketing materials that facilitate, direct, or encourage the use of infringing functionality with knowledge thereof.

8. Venue is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400 because Teladoc resides in the District and committed acts of infringement in this District, and a substantial part of the events or omissions giving rise to this claim occurred in this District.

## THE ASSERTED PATENTS

9. This lawsuit asserts causes of action for infringement of United States Patent No. 11,144,554 ("'554 Patent"), entitled "Platform for Optimizing Goal Progression," which was duly and legally issued by the U.S. Patent and Trademark Office on October 12, 2021. A copy of the '554 Patent is attached hereto as Exhibit A.

10. Data Health is the exclusive owner by assignment of the '554 Patent and holds all rights, title, and interest in it, including the right to bring this suit for injunctive relief and damages.

11. This lawsuit also asserts causes of action for infringement of United States Patent No. 10,061,812 ("'812 Patent"), entitled "Platform for Optimizing Data Driven Outcomes," which was duly and legally issued by the U.S. Patent and Trademark Office on August 28, 2018. A copy of the '812 Patent is attached hereto as Exhibit B.

12. Data Health is the exclusive owner by assignment of the '812 Patent and holds all rights, title, and interest in it, including the right to bring this suit for injunctive relief and damages.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 11,144,554

13. Data Health repeats and incorporates the allegations set forth in paragraphs 1 through 12.

14. Teladoc has infringed and continues to infringe the '554 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, patented products or services without authorization.

15. Teladoc directly infringed and continues to directly infringe one or more claims of the '554 Patent by making, selling, using, importing, or offering to sell patented products, services or methods, including but not limited to the Livongo Blood Glucose Meter and Application, as well as technology or infrastructure making use of or incorporating the same or similar technology described in Ex. C (hereinafter "the '554 Accused Products").

16. Teladoc has had knowledge of its infringement at least since the filing of this complaint.

17. In addition to the foregoing and/or in the alternative, Teladoc indirectly infringes the '554 Patent by inducing and contributing to infringement by others, including but not limited to original equipment manufacturers ("OEMs"), partners, service providers, manufacturers, importers, resellers, customers, and/or end users, in violation of 35 U.S.C. § 271(b), in this District and elsewhere in the United States. Teladoc is actively, knowingly, and intentionally inducing infringement of the '554 Patent by practicing the methods set forth therein and/or by selling, offering to sell, and/or importing into the United States the '554 Accused Products; with the knowledge and specific intent that third parties, such as those described above, will continue to, either alone or in combination with Teladoc, practice the patented methods, and/or use, sell, offer for sale, and/or import the '554 Accused Products supplied by Teladoc to infringe the '554 Patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the '554 Accused Products and/or the creation and dissemination of

promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the '554 Accused Products and infringing uses thereof.

18. In addition to the foregoing and/or in the alternative, Teladoc has knowingly contributed to the infringement of one or more claims of the '554 Patent under 35 U.S.C. § 271(c). Teladoc is actively, knowingly and intentionally contributing to the infringement of the '554 Patent by selling, offering to sell, and/or importing into the United States, the '554 Accused Products, with the knowledge that they are especially designed or adapted to operate in a manner that infringes the '554 Patent; with the knowledge that third parties, including those set forth above, will continue to, either alone or in combination with Teladoc, infringe the claims of the '554 Patent, and with the knowledge that the patented technology in the '554 Accused Products is not a staple article of commerce suitable for substantial non-infringing use.

19. In addition to the foregoing, Teladoc had knowledge of the '554 Patent at least since the filing of this complaint and has knowingly made, used, offered to sell, sold, and/or imported into the United States the '554 Accused Products. Because Teladoc did so with knowledge of the '554 Patent, Teladoc is liable for willful infringement.

20. Teladoc's acts of infringement have caused damage to Data Health, and Data Health is entitled to recover from Teladoc the damages it has sustained as a result of Teladoc's wrongful acts in an amount subject to proof at trial.

## COUNT 2

### INFRINGEMENT OF U.S. PATENT NO. 10,061,812

21. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 12.

22. Teladoc has infringed and continues to infringe the '812 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in

the United States, and/or importing into the United States, patented products or services without authorization.

23. Teladoc directly infringed and continues to directly infringe one or more claims of the '812 Patent by making, selling, using, importing, or offering to sell patented products, services or methods, including but not limited to the Livongo Blood Glucose Meter and Application, as well as technology or infrastructure making use of or incorporating the same or similar technology described in Ex. D (hereinafter "the '812 Accused Products").

24. Teladoc has had knowledge of its infringement at least since the filing of this complaint.

25. In addition to the foregoing and/or in the alternative, Teladoc indirectly infringes the '812 Patent by inducing and contributing to infringement by others, including but not limited to original equipment manufacturers ("OEMs"), partners, service providers, manufacturers, importers, resellers, customers, and/or end users, in violation of 35 U.S.C. § 271(b), in this District and elsewhere in the United States. Teladoc is actively, knowingly, and intentionally inducing infringement of the '812 Patent by practicing the methods set forth therein and/or by selling, offering to sell and/or importing into the United States the '812 Accused Products; with the knowledge and specific intent that third parties, such as those described above, will continue to, either alone or in combination with Teladoc, practice the patented methods, and/or use, sell, offer for sale, and/or import the '812 Accused Products supplied by Teladoc to infringe the '812 Patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the '812 Accused Products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the '812 Accused Products and infringing uses thereof.

26. In addition to the foregoing and/or in the alternative, Teladoc has knowingly contributed to the infringement of one or more claims of the '812 Patent under 35 U.S.C. § 271(c). Teladoc is actively, knowingly and intentionally contributing to the infringement of the '812 Patent by selling, offering to sell, and/or importing into the United States, the '812 Accused Products, with the knowledge that they are especially designed or adapted to operate in a manner that infringes the '812 Patent; with the knowledge that third parties, including those set forth above, will continue to, either alone or in combination with Teladoc, infringe the claims of the '812 Patent, and with the knowledge that the patented technology in the '812 Accused Products is not a staple article of commerce suitable for substantial non-infringing use.

27. In addition to the foregoing, Teladoc had knowledge of the '812 Patent at least since the filing of this complaint and has knowingly made, used, offered to sell, sold, and/or imported into the United States the '812 Accused Products. Because Teladoc did so with knowledge of the '812 Patent, Teladoc is liable for willful infringement.

28. Teladoc's acts of infringement have caused damage to Data Health, and Data Health is entitled to recover from Teladoc the damages it has sustained as a result of Teladoc's wrongful acts in an amount subject to proof at trial.

## DEMAND FOR JURY TRIAL

29. Data Health hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    A.    Declaring that Teladoc has infringed the Asserted Patents, contributed to infringement of the Asserted Patents, and/or induced infringement of the Asserted Patents;

    B.    Awarding damages arising out of Teladoc's infringement of the Asserted Patents,

including enhanced damages pursuant to 35 U.S.C. § 284, to Data Health, together with pre-judgment and post-judgment interest, in an amount according to proof;

  C. Awarding attorneys' fees to Data Health pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

  D. Awarding such other costs and further relief as the Court may deem just and proper.

Dated: February 13, 2023

Of Counsel:

Barry Barnett
Shawn Blackburn
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
bbarnett@susmangodfrey.com
sblackburn@susmangodfrey.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Data Health Partners, Inc*.